THE PEOPLE, PLAINTIFF AND APPELLEE, v. PURAS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Disturbing the Public Peace.

No. 830.—Decided November 26, 1915.

DISTURBING PUBLIC PEACE—COMPLAINT—RELIGIOUS MEETING.—It being alleged that the complaint was insufficient because it failed to state at what moment and hour the ministers and members of the Baptist church desired to hold their meeting in the public square, *Held:* That the complaint was sufficient inasmuch as it showed that it was intended to hold the meeting from 7 to 9 p. m. on September 5, 1914, and that, during that time, it was prevented from being begun by the chanting and bell-ringing in the Catholic church.

ID.—CHANTING AND BELL-RINGING—NOISE—CONDITIONS OF TIME AND PLACE—LAWFUL ASSEMBLAGE.—One of the ways of committing the offense of disturbing the public peace is by means of noises, and while chanting and bell-ringing cannot be regarded as noises generally, nevertheless, like the best of music, they may become a noise according to the conditions of the time and place and the relation to the state of mind of the listeners. Therefore, songs and bell-ringing in a church, performed with the intention of disturbing a lawful assemblage of persons, become a noise as to such persons, because they are thereby prevented from holding their meeting.

The facts are stated in the opinion.

*Mr. Celestino Iriarte, Jr.,* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Pedro Puras and two other persons were charged in the Municipal Court of Río Grande with the offense of disturbing the public peace and Puras took the present appeal from a judgment of conviction rendered by the District Court of San Juan on appeal sentencing him to pay a fine of $10, or, in default thereof, to imprisonment.

The transcript of the record which has been submitted to our consideration contains only the complaint, the judgment

of the district court and the notice of appeal, and in his brief the defendant rests his plea for the reversal of the judgment on the exclusive ground that the complaint does not allege facts sufficient to constitute the offense of which he was convicted.

The complaint, in so far as pertinent, reads as follows:

"That from 7 p. m. to 9 p. m. on September 5, 1914, in the choir-loft and belfry of the Catholic church of this town, of the municipal judicial district of Río Grande, Porto Rico, which forms a part of the judicial district of San Juan, Porto Rico, the said Pedro Puras, a priest, Serafín Benítez and Angel Benítez did then and there, wilfully and unlawfully and with evident malicious intent, disturb and interrupt an evangelical religious meeting which the ministers and members of the Baptist church attempted to hold in the public square with the written permission of the mayor of this town. The said interruption consisted of chanting and bell-ringing in the following manner: The priest, dressed in plain clothes and without a congregation in his church, chanted what appeared to be funeral dirges in the choir-loft of the church, raising his voice and directing it toward the place where the meeting was to take place, the sexton responding; and at intervals the said priest would say, '*Bomba!*' (the bell-ringer's cue), whereupon the bells would be rung. This occurred ten or twelve times and prevented the meeting from being begun at the time desired."

The appellant maintains that the complaint is insufficient because it does not state when, at what moment or at what hour the said ministers and members desired to hold their meeting in the public square, and that the words and acts charged do not constitute rude, indecent or offensive conduct.

Regarding the first contention, it is understood from the complaint that it was intended to hold the religious meeting from 7 to 9 p. m. on September 5, 1914, because it alleges that during that time it was prevented from being begun by the chanting and bell-ringing in the church. As to the second contention, one of the ways of disturbing the public peace is by means of noise, and while chanting and bell-ringing cannot be regarded as noises generally, nevertheless, like the best of

music, they may become a noise according to the conditions of the time and place and the relation to the state of mind of the listeners. *The People v. Vilaró,* 13 P. R. R. 35. Songs and bell-ringing in a church performed with the intention of disturbing a lawful assemblage of persons become a noise as to such persons, because they are prevented thereby from holding their meeting.

Therefore, the demurrer to the complaint cannot be. sustained and the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the decision of this case.